# UNITED STATES DISTRICT COURT
## [Eastern District Of Kentucky]

Eastern District of Kentucky
FILED
JAN 17 2025
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

[Shane Parker I],
[Krista Hunter]
Plaintiff,

v.

[Judge #1 Cathy Prewitt], in their individual and official capacity as District Judge,
[Judge #2 Fred White], in their individual and official capacity as District Judge,
[Domestic Relations Commissioner's Robert Stephens], in their individual and official capacity as Domestic Relations Commissioner,
[Third-Party's Brittany Parker],
[Opposing Counsel's Eric Dixon Law Office ],ect Josh Lowe
[Sheriff's Department Personnel, Bill Elliott],
[District Attorney's Robert Hammons], in their individual and official capacity as Distract Attorney
[Child Protective Services Personnel, Amy Keef, and Robert Thompson
[Guardian ad Litem, Nick Wilson],
[Kentucky Judicial Conduct Committee]

[Commonwealth Attorney Ronnie Bowling], in their individual and official capacity as Commonwealth Attorney

[Assistant Commonwealth Attorney John Reynolds], in their individual and official capacity as Assistant Commonwealth Attorney

[Whitley County High School Administration] Matt Rifle and Jeremy Shopp

[Family Cabinet of Health and Services] Heather Carpenter

[Kentucky State Police Post #11] Donnie Jones

[Laurel County Sheriff's Department] Gerg Pointer

[Circuit Court Clerk] Gary Barton

[Laurel County DCBS] Rayla Turner and Wade Strunk

CASE NO.: [6:25-cv-005-CHB]

Eastern District of Kentucky
FILED
JAN 17 2025
AT LONDON
Robert R. Carr
CLERK U.S. DISTRICT COURT

# COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

## INTRODUCTION

1. Plaintiff [Shane Parker & Krista Hunter], by and through this Complaint, seeks redress for violations of their constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the U.S. Constitution. The Defendants, acting under color of state law, have conspired to violate Plaintiff's fundamental rights, including but not limited to parental rights, the right to due process, and protection against custodial interference and the right to property as guaranteed under the Fifth and Fourteenth Amendments, Plaintiff also alleges discrimination based on race (African American) and sexual orientation, further violating the Equal Protection Clause.

2. This action arises out of Defendants' willful and malicious actions, under color of state law, to deprive Plaintiff of the lawful custody of their child and Mr. Parker's personal property, along with other violations of civil rights under 42 U.S.C. § 1983. The Plaintiff also alleges that the Defendants engaged in acts of conspiracy and intimidation and malicious conduct that have caused irreparable harm to the parent-child relationship.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the events or omissions giving rise to this action occurred in this district, and all Defendants are residents or officials within the jurisdiction of this Court.

## PARTIES

5.Plaintiff [Shane Parker & Krista Hunter] are residents of Kentucky, and at all times relevant, is the natural parent of [Shane Parker II & Ke'Auna Parker], and has the constitutionally protected right to care, custody, and control of the child.

6.Defendant [Judge 1's Cathy Prewitt] is a District Judge for [Whitley County], Kentucky, acting under the color of state law. Despite Plaintiff motion for recusal due to demonstrated bias and conflict of interest. Knowingly denied fair hearing.

7.Defendant [Judge 2's Fred White] is a District Judge for [Whitley County], Kentucky, acting under the color of state law. Defendant White engaged in judicial misconduct by having a conversation with Defendant Robert Stephens prior to court proceedings, discussing matters related to the case. This improper communication undermines the impartiality required in judicial proceeding. Fred White said Racial comments to Mr. Parker. " Are you smoking crack."  Can you spell Due Process."

8.Defendant [Domestic Relations Commissioner's Robert Stephens] is a Domestic Relations Commissioner for [Whitley County], Kentucky, acting under the color of state law.

9.Defendant [Third-Party's Brittany Parker] is a private individual who acted in conspiracy with the above-named state actors to violate Plaintiff's rights.

10.Defendant [Opposing Counsel's Eric Dixon ect..]  is an attorney licensed in the state of Kentucky, representing [Opposing Party Brittany Parker], and conspired with state actors in a manner that deprived Plaintiff of constitutional rights.

11.Defendants [Sheriff's Department Personnel], [District Attorney], and [Child Protective Services Personnel] were at all times relevant acting under the color of state law as officials within their respective capacities.

12. Defendant [Guardian ad Litem's Nick Wilson] was appointed to represent the interests of [Shane Parker II & Ke'Auna] in the custody matter, and in doing so, acted in violation of Plaintiff's constitutional rights.

13. Defendant [ Heather Carpenter] Double Mr. Parker Child Support without proof of income helping the third party extort. Making Ms. Hunter pay child support and arresting her.

14. Defendant [Judicial Conduct Committee], an oversight body responsible for reviewing complaints against judicial conduct, acted under color of state law and failed to address or rectify the unconstitutional actions of the Defendant Judges, thereby contributing to the violation of Plaintiff's constitutional rights."

## FACTUAL ALLEGATIONS

15. On or about [6/6/2022], Plaintiff was deprived of their lawful parental rights through actions taken by Defendants, including but not limited to [ improper orders by the judges], [acts of custodial interference], and [failure to ensure due process in the legal proceedings] in violation of KRS 403.270 ( custody determinations) and KRS 403.280 (temporary custody orders). Exhibit A: Court Orders showing custody interference

16. Defendant judges, without proper legal basis, issued orders that interfered with Plaintiff's custodial rights, disregarding due process protections, and violating Plaintiff's right to a fair hearing. These actions resulted in the illegal transfer of custody to [Brittany Parker/Third-Party] in voilation under KRS 403.340 (modification of custody decrees) and Fourteenth Amendment.                    Exhibit B:  Transcript of court proceedings and custody transfer documentation.

17. Defendant [Third-Party Brittany Parker] conspired with Defendants [Judges, Sheriff's Department, DA, etc.] to engage in a course of conduct intended to interfere with Plaintiff's relationship with their child, including making false allegations and filing baseless reports with Gary Barton leading to false DVO extension, and false imprisonment. Violating KRS 620.030

( duty to report dependency, neglect, or abuse).
Exhibit C: CPS reports and correspondence showing false allegations.

18. The Commonwealth's Attorney Admitted to bias, refusing to prosecute allegations against law enforcement and opposing parties. Violating KRS 15.725 ( duty of the Commonwealth attorney). Similarly, the Sheriff's Department exhibited bias and intimidation, including surrounding Plaintiff in court to create an atmosphere of fear.     Exhibit D: Correspondence and recording indicating prosecutorial bias.

19. Defendant [Opposing Counsel's Eric Dixon], along with [ Josh Lowe ] and [Assistant Commonwealth's Attorney] acted in conspiracy with other Defendants, sought to undermine Plaintiff's parental rights through legal means that involved procedural misconduct and knowingly presenting false information to the court. Violated Civil Rule 11 (Exhibit E: Attorney Misconduct Evidence, Order between both Parents)

20. Defendants [Sheriff's Department Personnel] and [District Attorney], [CPS], [Laurel County Sheriff's Department] and [Kentucky State Police Post #11], acting in their official capacity, failed to investigate or rectify Plaintiff's allegations of custodial interference and sexual abuse and colluded with other state actors to deprive Plaintiff of their parental rights. Violating procedural safeguards under KRS 620.050 (duties of the cabinet. Exhibit F: Text and Video regarding the failure to investigate.

21. Defendant [Child Protective Services] and [DCBS], after receiving reports, failed to conduct an unbiased and thorough investigation, instead acting to unlawfully assist in removing Plaintiff's child from their care without due process violating KRS 620.080 (emergency custody orders) Exhibit G: Emergency custody order and associated documentation

22. The actions taken by Defendant [Guardian ad Litem] were biased and violated Plaintiff's right to equal protection under the law. The Guardian ad Litem acted in concert with other Defendants to present a one-sided case, disregarding Plaintiff's rights and the child's best interests.  Violating KRS

387.305 (duties of guarding ad litem) Exhibit G: Testimony from Witness of coercion.

23. Defendants deprived Plaintiff of his personal and marital property for 2.5 years, further compounding his emotional and financial hardship. Specific items included vehicle, furniture, electronics, and essential household items, all of which were critical for daily living and financial stability. This denial constitutes a violation of Plaintiff's rights under the Fifth Amendment's Taking Clause and the Fourteenth Amendment's Due Process Clause. The actions of Defendant disregarded procedural safeguards required by law, such as notice and opportunity to be heard. Violating KRS 511.030 (theft by unlawful taking.)
Exhibit H: Inventory of Personal Property Denied and related correspondence.

24. Plaintiff was subjected to discrimination based on race (African American and sexual orientation, as Defendants treated Mr. Parker differently from other similarly situated individuals without a legitimate basis. Instances include [ specific discriminatory actions, e.g.. derogatory remarks, disparate treatment in legal proceeding]. Violating KRS 344.040 (prohibition of discrimination )                Exhibit J: Videos and recording of Discriminatory Action

25. Defendants conspired with school officials to exploit [Shane Parker II] athletic abilities. High school Coaches attended court proceedings and testified in favor of decisions aimed at keeping the child in the district for sports-related purposes rather than prioritizing the child welfare. Violating KRS 158.070 (school attendance and related activities).(Exhibit I: High School Conspiracy Documentation of officials involvement in court proceeding.

26. Heather Carpenter and DA Robert Hammons were aware of the extortion and still set to help third party to extort parents. Violating KRS

514.080 (theft by extortion)                    Exhibit J:
Proof of Doubling Child support with no proof of income.

    26. The Judicial Conduct Committee, despite receiving evidence and complaints regarding the unconstitutional actions of Defendant Judges, failed to take corrective action or enforce judicial accountability. This failure further perpetuated the violation of Plaintiff's rights. Violating KRS 26A.020 (judicial conduct commission)              (Exhibit K: Response from the Committee)

    27. As a result of the Defendants' collective actions, amounted conspiracy to deprive Plaintiff of their constitutional rights particularly in light of [Shane Parker II's] athletic potential, which appeared to be a motivating factor behind these violations. These actions have caused irreparable harm to the parent-child relationship, including emotional and psychological harm to the children. (Exhibit L: Evidence of Conspiracy)

Qualified Immunity Argument:

Qualified immunity protects government officials from liability for civil damages, provided their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. However, the defendants in this case are not entitled to qualified immunity for the following reasons:

1. Violation of Clearly Established Rights:
The defendants violated Plaintiff's clearly established constitutional rights, including:
• Due Process Rights (Fourteenth Amendment): It is well-established that individuals have a fundamental right to fair legal proceedings before being deprived of parental or property rights (Mathews v. Eldridge, 424 U.S. 319 (1976)).
• Equal Protection (Fourteenth Amendment): The right to be free from racial and other forms of discrimination is clearly established (Brown v. Board of Education, 347 U.S. 483 (1954)).

• Custodial Interference and Property Rights: The rights to custody of one's children and protection of personal property are protected under both federal and Kentucky law, as outlined in KRS 403.270 and KRS 416.580.

2. Reasonable Official Standard:
A reasonable official in the defendants' positions would have known that their actions—such as depriving Plaintiff of custody without due process, engaging in racially discriminatory practices, and conspiring to interfere with custodial rights—violated these clearly established rights. The standard for what a reasonable official should know is not met when they act with clear disregard for constitutional protections.

3. Judicial Misconduct and Bias:
Judicial actors like Judges Prewitt and White, despite their roles, are not shielded by qualified immunity when their actions fall outside their judicial capacity or are taken with clear malice, bias, or in furtherance of a conspiracy. The Kentucky Supreme Court has held that judicial immunity does not extend to actions taken with clear intent to deprive constitutional rights (Stump v. Sparkman, 435 U.S. 349 (1978)).

4. Conspiracy and Collusion:
Defendants who conspired to deprive Plaintiff of their constitutional rights are not entitled to qualified immunity. Under 42 U.S.C. § 1983, officials acting under color of state law, who participate in conspiracies to violate constitutional rights, lose immunity because their actions were intentional and malicious.

5. Precedent from Relevant Case Law:
• In Harlow v. Fitzgerald, 457 U.S. 800 (1982), the U.S. Supreme Court clarified that qualified immunity does not protect officials who knowingly violate constitutional rights.
• In Anderson v. Creighton, 483 U.S. 635 (1987), the Court stated that the unlawfulness of the action must be apparent in light of pre-existing law,

which is applicable here given the clear violations of due process and equal protection.

Defendants are not entitled to qualified immunity as their actions, described herein, violated clearly established constitutional rights. These rights include the right to due process, equal protection under the law, protection against custodial interference, and protection of property rights. Any reasonable official would have known that depriving the Plaintiff of these rights without proper legal justification was unlawful. Furthermore, the actions of Defendants were conducted with clear intent, malice, and in furtherance of a conspiracy, which removes the shield of qualified immunity under both federal and Kentucky law.

## CAUSES OF ACTION

### COUNT I: Violation of Due Process (Fourteenth Amendment & KRS 403.270, KRS 620.080)

**28.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendants, acting under color of state law, violated Plaintiff's Fourteenth Amendment right to due process by depriving them of their parental rights without notice or a fair opportunity to be heard, and by failing to provide a neutral and fair forum in the domestic relations proceedings.

### COUNT II: Violation of Equal Protection (Fourteenth Amendment & KRS 344.040)

**29.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendants, acting under color of state law, treated Plaintiff differently from other similarly situated parents without a rational basis, thereby violating Plaintiff's rights to equal protection under the law.

### COUNT III: Conspiracy to Deprive Constitutional Rights (42 U.S.C. § 1983 & KRS 506.040)

**30.** Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendants conspired with each other and third parties

to deprive Plaintiff of their constitutionally protected parental rights through intimidation, false accusations, and procedural misconduct.

## COUNT IV: Custodial Interference (KRS 509.070

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendants acted to interfere with Plaintiff's custodial rights through unlawful means, including but not limited to fraudulent legal proceedings, intimidation, and failure to follow lawful procedures.

COUNT V: Violation of Property Rights (Fifth and Fourteenth Amendments & KRS 511.030)

32. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein. Defendants violated Plaintiff's constitutional right to property by unlawfully depriving them of personal and marital possessions without due process. Theses actions ignored legal procedures designed to protect against arbitrary deprivation of property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A declaration that Defendants violated Plaintiff's constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment;
2. A declaration that Defendants violated Plaintiff property rights under the Fifth and Fourteenth Amendment.
3. Injunctive relief to restore Plaintiff's custodial rights and personal property ;
4. Compensatory damages for emotional distress and loss of parental rights, financial losses, and irreparable harm to the parent-child relationship in the amount of: 25,000,000.00
5. Punitive damages for the Defendants' willful and malicious misconduct in the amount of: 50,000,000.00

6. Non-economic damages for pain, suffering, torture, and loss of enjoyment of in amount of: 25,000,000.00
7. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and
8. Such other and further relief as the Court deems just and proper.



**Respectfully submitted,**

[Shane Parker]
[415 Ellen st]
[Laurel County, KY 40741]
[606-389-6404]
[Mrparker606@outlook.com]
Plaintiff, Pro Se