

TENDERED
DEC 26 2024
WHITLEY CIRCUIT/DISTRICT COURTS
BY _____ D.C.

**COMMONWEALTH OF KENTUCKY**
**34TH JUDICIAL CIRCUIT**
**WHITLEY CIRCUIT COURT**
**CIVIL ACTION NO. 22-CI-267**
**DIVISION II**

**BRITTANY PARKER,**                                         **PETITIONER,**

**VS.**

**SHANE PARKER,**                                            **RESPONDENT**

---

### FINAL ORDER

This matter was before the Court, at which time the Petitioner was present with her counsel of record and the Respondent was present, acting *pro se*, and the Petitioner testified, the Respondent testified, and the Court interviewed the minor children, and the Court having reviewed the entire record herein, and being otherwise fully and sufficiently advised:

The Court makes the following Findings:

1. The Petitioner gained temporary custody of the minor children the Whitley District Court, *Case No. 22-D-57-001*, wherein the District Court had a hearing on the Emergency Protection Order at which time the Court found that domestic violence occurred at the hands of the Respondent;

2. This Domestic Violence Order was entered in Whitley District

Court on July 12, 2022, wherein the Respondent was found to be a danger to the two (2) minor children;

3. This Court was tasked with having a final custody hearing;

4. The Petitioner filed a Motion to Continue the hearing. It is hereby Ordered that said motion is OVERRULED;

5. Pursuant to KRS 403.270:

(a) The Petitioner testified that she wishes that the minor children reside with her and the Respondent wishes that the minor children be returned to him, as he is the biological parent;

(b) The wishes of the children are clear, as they want to remain in the care, custody, and control of the Petitioner, Brittany Parker;

(c) The relationship between the minor children and the Respondent is non-existent due to the DVO entered by the Whitley District Court. However, the Court interviewed the minor children and determined that contact with the Respondent would significantly negatively affect the minor children's best interest;

(d) The motivations by the participating parties is clear. The biological mother did not participate in said proceedings, despite being properly before the Court;

(e) The children are involved in extracurricular activities and are well

OFI : 000002 of 000005

adjusted to their home, school and community. The Respondent testified that if custody was returned to him, that he would remove the minor children from their school and local community. This Court finds that would not be in the minor children's best interests;

(f)   The Court finds that the mental and physical health of the Petitioner is good and that the Respondent's physical health is good.

(g)   There has been a finding that the Respondent has committed domestic violence against the children and the Whitley District Court affirmed that decision by overruling the Respondent's Motion to Amend on August 20, 2024. The Court giving due consideration hereby finds that the Respondent hasn't completed any domestic violence programs and he doesn't accept any responsibility of his actions. Thus, this Court finds that any contact between the Respondent and the minor children would negatively affect the minor children's emotional and physical well-being;

(h-k) The minor children were placed with the Petitioner due to a domestic violence order. This Court is also making a finding that the Respondent is unfit. If the Court returned custody to the Respondent, he would terminate any contact between the Petitioner and the minor children,

Page 3 of 5

remove the minor children from the community, and totally rearrange their lives.

The minor children are in high school. They are involved in sports and they are doing well in school. The Court finds that the Respondent is not looking out for the best interests of the minor children and his decisions would negatively affect their mental and emotional health. The Court finds that any contact between the Respondent and the minor children would endanger their health and safety.

It is hereby **ORDERED** as set forth below:

1. The Petitioner, Brittany Parker, shall be awarded the sole care, custody and control of the minor children, namely, Shane Parker II and Keauna Parker;

2. Any visitation between the Respondent and the minor children shall be at the sole discretion of the Petitioner;

3. The Respondent is to attend and complete in-person Domestic Violence classes and Anger Management classes. Upon completion of both classes, the Respondent shall file proof of same in the record and can petition the Whitley District Court to amend the prior Domestic Violence Order. In the event that the Whitley District Court should amend the Domestic Violence Order, the Respondent can ask this Court for contact with the minor children.

This is a final and appealable Order.

Recommended By:

_____  10/30/2024
Hon. Robert Stephens
Whitley County Domestic Relations Commissioner

DATED AND ORDERED on this 23rd day of January, 2025.

_____
HONORABLE PAUL WINCHESTER
JUDGE, WHITLEY CIRCUIT COURT



Hon. Paul Winchester
/s/ JUDGE PAUL WINCHESTER
electronically signed
1/23/2025 1:41:24 PM ET

**DISTRIBUTION:**

Eric M. Dixon, Esq.        (___)
P.O. Box 636
Corbin, Kentucky 40702

Mr. Shane Parker          (___)
1610 E. Highway 1223
Apartment #1
Corbin, Kentucky 40701

_____    _____
Clerk              Date

EMD/hc.